REITZ, PLAINTIFF-APPELLANT, *v.* NALYCKYJ, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25589.   Decided February 1, 1962.

*Messrs. Payne & Payne,* for plaintiff-appellant.
*Mr. Paul P. Sogg,* for defendant-appellee.

(BROWN, P. J., DONAHUE and GRIFFITH, JJ., of the Seventh District, sitting by designation in the Eighth District.)

*Per Curiam.*   This case arises from the sustaining of the defendant's motion for summary judgment in the trial court. This was done on the trial court's decision that the action was barred by the Statute of Limitations of the Province of Ontario as it was borrowed by authority of Section 2305.20, Revised Code.   There is no dispute that this action was for personal injuries resulting from a motor vehicle accident in Ontario which occurred on July 14, 1958, and upon which action was filed in Cuyahoga County on June 24, 1960.

Appellant claims that the Ontario Statute of Limitations applicable is a six-year statute.   Appellee claims the Ontario Statute of Limitations is the one-year statute.

Section 61, subparagraph 1 of Ontario Highway Traffic Act, Chapter 167, provides:

"Subject to Section 2 and 3, no action shall be brought against the person for the recovery of damages occasioned by a motor vehicle after the expiration of twelve months from the time when the damages were sustained."

We hold that this section limits the time for the commencement of the action to a lesser number of years than do the statutes of this state and hence was properly applied in the trial court.

Appellant points out that there was in effect in Ontario at the time of the accident, in Chapter 207, Section 48 (I) g and h of the Revised Statutes of Ontario (1950), the following, also regarding limitations of actions:

"The following actions shall be commenced within and not after the time respectively hereinafter mentioned:

"* * *

"I) g. * * * upon the case, other than for slander * * * within six years."

Although we agree that an action upon the case includes actions for personal injury, we hold that section (2) of the same Ontario Statute providing that "nothing in this section shall extend to any action where the time for bringing the action is by statute especially limited" makes this statute not applicable to actions for damages occasioned by motor vehicles since such actions are specially limited by statute, to wit: Section 61, subparagraph 1 of the Ontario Traffic Act, Chapter 167.

Judgment affirmed.

Exceptions. Order see journal.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.